## Wilson v. McCarthy

*John Bream,* for plaintiffs.
*Wilhelm Shissler,* for defendants.
*Louis J. Adler* and *Robert F. Claraval,* for Interpleaded Claimant.

LIPSITT, *J.,* March 14, 1977 — Before the court are several intertwined matters for disposition. Plaintiffs, Jimmie W. Wilson and Dorothy M. Duffy, administratrix of the estate of Frieda J. Wilson, deceased, have filed a motion for judgment on the pleadings against defendant, Cumberland County National Bank and Trust Company. The interpleaded claimant, Frances M. McCarthy, has submitted her motion for summary judgment. Both plaintiffs and interpleaded claimant have filed petitions to strike the interpleader.

To unravel the entanglement, an understanding of the attendant facts is necessary. The pleadings and depositions reveal the following. On July 8, 1975, Frieda J. Wilson, now deceased, deposited a check drawn on the Commonwealth National Bank by an agent for the real estate firm, Charles Adler & Son, Inc., with defendant, Cumberland County National Bank and Trust Company. The check represented the proceeds from the sale of a house owned jointly by Jimmie W. and Frieda J. Wilson, who were husband and wife. It was in the amount of $22,081.23 and was made payable to the order of "Jimmie W. Wilson and Frieda J. Wilson." At the time of the deposit, Frieda J. Wilson instructed defendant through its agent that the check was to be deposited in a savings account in such a way that should Frieda J. Wilson become ill, the interpleaded claimant, Frances M. McCarthy, her sister, would have access to the account. Furthermore, Mrs. Wilson instructed the agent

that upon her death, she wanted the account to vest solely in Mrs. McCarthy. The agent for defendant bank advised Mrs. Wilson he would deposit the funds in a passbook savings account in the name of "Frieda J. Wilson or Frances M. McCarthy" and such an account would comply with Mrs. Wilson's wishes. Jimmie W. Wilson and Frieda J. Wilson maintained a checking account at the defendant's banking institution. The agent for the bank then stamped an endorsement on the back of the check which noted it was "Credited to the Account of the Within Named Payee in Cumberland County National Bank and Trust Company, Absence of Endorsement Guaranteed." But contrary to this endorsement, the check was deposited in the savings account rather than the checking account of Frieda J. Wilson and Jimmie W. Wilson with defendant bank.

Frieda J. Wilson died on August 30, 1975, leaving the interpleaded claimant, Frances M. McCarthy, as the sole remaining owner of the passbook savings account. On September 2, 1975, Frances M. McCarthy withdrew $3,000 to pay for the funeral and other expenses occasioned by the final illness and death of Frieda J. Wilson. Thereafter, Frances M. McCarthy attempted to withdraw the remaining funds from defendant bank but has not been permitted by defendant to do so.

In late October of 1975, Jimmie W. Wilson made an inquiry as to the amount on deposit at the bank and subsequently a claim has been asserted in the amount of the original check by Dorothy M. Duffy, administratrix of the estate of Frieda J. Wilson, and by Jimmie W. Wilson.

This suit in assumpsit was initiated by plaintiffs demanding that defendant bank credit the proper

account as designated in the endorsement on the check. There is no basis for liability to plaintiff, Dorothy M. Duffy, administratrix, as the contract of deposit provided for survivorship rights, if Jimmie W. Wilson's position should prevail. However, there appears to be no harm in permitting the parties to remain until a final result is reached.

Defendant bank filed a petition for interpleader requesting this court to add Frances M. McCarthy to the record as an interpleaded claimant and that she be ordered to file a complaint against defendant.

A number of pleadings followed, including the interpleaded claimant's statement of claim, additional matter and complaint; plaintiff's answer to additional matter raised in interpleaded claimant's statement of claim; defendant's answer with new matter to claimant's statement of claim and the complaint and the present motions and petitions.

Depositions have been completed and argument held before the court en banc. While plaintiff's petition to strike the interpleader had not been listed for argument, it is also included in this discussion in view of the interrelated issues.

To reach an understandable determination of the preliminary points in question, an attempt will be made to consider each application as distinct as possible.

On plaintiffs' motion for judgment on the pleadings, the question is whether the surviving husband is entitled under the facts as recited to the sum deposited with defendant bank where the bank placed the check, which was not endorsed by the payees, in an unconnected account. Plaintiffs rely in part on section 3-603 of the Uniform Com-

merical Code, 12A P.S. §3-603(1)(b), which deals with the subject of payment or satisfaction and specifically provides that the liability of the depository bank is not discharged if it pays on an instrument which has been restrictively endorsed, as was the case here. Further, it is contended section 4-203, 12A P.S. §4-203, by inference precludes the effect of any verbal instructions allegedly given to defendant's agent. And section 3-206(3) of the Uniform Commercial Code, 12A P.S. §3-206(3), provides that a bank must pay on any instrument consistently with the endorsement. Finally, plaintiffs urge defendant, as a bank, had an obligation to exercise ordinary care in handling the transaction which it did not do when the check was not credited to payees' account and thus is liable for the amount of the item. See section 4-103(5), Uniform Commercial Code, 12A P.S. §4-103(5).

The bank acknowledges the check payable as it was to Jimmie W. Wilson and his wife, Frieda J. Wilson, and unendorsed was owned by them as tenants by entireties. However, it argues such a tenancy is a separate entity, and the delivery of the check was necessarily that of the tenancy by entireties and Cumberland County National Bank and Trust Company became indebted to the depositor. The conduct of a third person (in this situation Frieda J. Wilson, who was a stranger to the tenants by entireties) not authorized or ratified by the depositor could not affect the liability of Cumberland County National Bank and Trust Company to the depositor. If the deposit belonged to any person other than the tenancy by entireties, it could be accomplished by authority of the owner. And so the bank asserts an account in the name of

Frieda J. Wilson and Frances M. McCarthy upon the instruction of Frieda J. Wilson was a nullity unless Frieda J. Wilson was authorized to act on behalf of the tenancy. So the bank says there are factual questions to be decided, to wit, whether or not Frieda J. Wilson was authorized to act for the tenancy and if she was, then the deposit would have been properly accepted by Cumberland County National Bank and Trust Company as a deposit by Frieda J. Wilson and Frances M. McCarthy.

Frances McCarthy claims the proceeds of the check were a share of the division of the assets of the tenancy by entireties between Jimmie W. Wilson and Frieda J. Wilson and, if that is correct, it may be found that Jimmie W. Wilson either expressly or impliedly authorized Frieda J. Wilson's act or it is possible that evidence would establish that Jimmie W. Wilson by inaction waived his right to dispute the authority of his wife, Frieda J. Wilson, or is estopped from doing so.

As to the interpleaded claimant's motion for summary judgment, claimant asserts the liability of defendant bank is based on the contractual relationship existing between Cumberland County National Bank and Trust Company and Frances M. McCarthy. Where there is a savings account, the agreement between the parties is expressed in the rules and regulations printed on the passbook. Accordingly, claimant argues the bank's duty is explicit; upon the death of Frieda J. Wilson the balance remaining in the passbook account must be credited to the survivor, Frances M. McCarthy. Further, it is maintained defendant, Cumberland County National Bank and Trust Company, con-

firmed the terms of its agreement when it allowed Frances M. McCarthy to withdraw $3,000 and when it credited and continued to credit interest to this account. Additionally, the equitable doctrine of estoppel is advanced because defendant through its agent advised Mrs. Wilson and instructed her throughout the matter.

Again, the bank takes the position there could be no obligation on its part to make any payment to claimant unless it was initially indebted to claimant by contract to pay out money. Here, the bank says, there could be no obligation to Frances M. McCarthy unless Frieda J. Wilson had authority from the tenancy to act. Defendant argues that if it received no deposit of either Frieda J. Wilson or Frances M. McCarthy or both together, it cannot become indebted to them and could not now be indebted to Frances M. McCarthy as the survivor. On the other hand, if Frieda J. Wilson was authorized to do what she did, then there must be facts presented to reach such a result. Additionally, the bank states an estoppel is not available because there are no facts pleaded by claimant which would give her the benefit of an estoppel in the event Frieda J. Wilson had no power to create the arrangement. Finally, the bank contends, unless Frieda J. Wilson proceeded with authority, the interpleaded claimant seeks a recovery which would constitute an unjust enrichment. As to the payment of $3,000 made to Frances M. McCarthy, the bank asserts it would be recoverable, having been made under a mistake of fact. It must be concluded that these arguments have some validity and necessitate factual findings for a disposition.

As to the petitions to strike the interpleader, the argument by both plaintiffs and claimant is that defendant bank has been negligent in its conduct and has subjected itself to liability to both the interpleaded claimant and to plaintiffs and, therefore, interpleader is not the proper remedial action. The bank, on the other hand, feels it has a liability to either Jimmie W. Wilson or to Frances M. McCarthy but not to both. Thus, it says it is entitled to an interpleader and should be permitted to pay into court the sum of $19,081.23 together with interest accrued and discharged of all liability.

In this reasoning, at the preliminary stage, the bank cannot prevail. Conceivably defendant is faced with two valid demands and may be liable to both. Under Pa. R.C.P. 2306(a) an interpleader would be appropriate only if one claim is meritorious. To refuse the motion to strike, the court would be required to choose which of the claiming parties may recover. This cannot be done without more factual information.

To bring this complicated matter to a conclusion, a trial is essential where all the factual issues may be disentangled so we enter the following

## ORDER

And now, March 14, 1977, the order of interpleader is stricken; the motions for summary judgment and for judgment on the pleadings are denied. The action in assumpsit by plaintiffs and the claim of the interpleaded claimant are directed to be heard at the same trial on the merits of each action.